## Wagner Estate

*Edmund Pawelec,* for accountant.

*Steinberg, Richman, Price & Steinbrook,* for claimant.

*Murray B. Dolfman,* for Commonwealth.

KLEIN, P. J., December 30, 1965. — Florence C. Wagner died on July 28, 1964, intestate and without issue, leaving to survive her, as her heirs-at-law and next of kin her husband, Samuel G. Wagner, and her parents, Mary and Edward Bachmann. Letters of administration were granted on September 3, 1964, and proof of advertisement of notice thereof was produced to the auditing judge. . .

At the audit, Mr. Karafin, representing Mary Bachmann, decedent's mother, entered an appearance claiming the sum of $870, which is stated to represent a loan alleged to have been made to decedent to enable her to purchase an automobile for cash. Title to the automobile was registered in the name of decedent. Claimant alleged, however, that the certificate of title was in her possession when her daughter died, and that attached to the certificate was a piece of paper with the figure "870.00" written thereon.

Mr. Karafin contended that claimant was a competent witness, in spite of the provisions of section 5(e) of the Act of May 23, 1887, P. L. 158, and relied upon Drob, et al. Admrs. v. Jaffe, 351 Pa. 297 (1945), in support of his position. Claimant's testimony was received subject to objection entered by Mr. Pawelec.

The auditing judge has concluded that this decision is inapposite, and that Mary Bachmann, the claimant, was not a competent witness to testify as to the events

concerning the alleged loan which occurred in her daughter's lifetime.

In the Drob case, supra, Drob purchased an assignment of certain bonds and judgments and took title to them in Jaffe's name. When Drob died, his administrators sued Jaffe, alleging that he was a straw party. Jaffe contended that the assignment was taken in his name as security for an indebtedness. The Supreme Court held that Jaffe was a competent witness, and said, at page 301:

"Of course, if Jaffe were attempting as a plaintiff to establish his claim against decedent's estate he would not be a competent witness on his own behalf. But it could not have been within the intendment of the Act of May 23, 1887, P. L. 158, section 5(e), that, where the representatives of an estate seek to recover property owned by the decedent, and the defendant, although having possession of the property, is bound to admit such ownership, he should not be allowed to testify to the fact that the property was transferred to him as security for a debt and was therefore subject to a lien in his favor. So to hold would permit the recovery of property pledged by the decedent without paying the obligation for which the pledge had been made,—this being accomplished by demanding the return of the property from the surviving party to the transaction and at the same time preventing him from explaining the terms under which he had acquired it. The injustice that would result from such a ruling is apparent".

In the Drob case, the assignments were admittedly registered in Jaffe's name. They spoke for themselves. No testimony dehors the instruments was necessary to establish this fact. Jaffe made no claim against Drob's estate. On the contrary, Drob's personal representatives instituted equity proceedings to compel him to assign the bonds and judgments to them. He was held

to be a competent witness, with respect to a lien he claimed to have had against the instruments, which he held and which were in his name. The factual situation in the present case is entirely different. A claim is being presented against decedent's estate. The certificate of title to the automobile was registered in the name of Florence C. Wagner, decedent. Claimant's testimony, and only her testimony, links her alleged lien to decedent's automobile. Without her testimony, we have only a certificate of title in her daughter's name, which she could easily have obtained after her daughter's death. I, therefore, rule that her testimony is inadmissible to prove her claim.

But even if claimant's testimony were admissible, the auditing judge would not place credence in it and would dismiss the claim. Although decedent was married, she spent five nights a week with her mother and kept clothing, jewelry, bonds, etc., in her mother's house. It would have been a simple matter for claimant to have taken the certificate from her daughter's effects after her death. The circumstances surrounding the alleged loan raise considerable doubt. Claimant testified that she loaned her daughter $870 in cash, which she had around the house, and told no one about the loan, not even her husband. When asked, "When was she supposed to repay you?", she answered, "Whenever she had it, whenever she felt like paying me". Moreover, it is interesting to note that she did not present the claim until after she had a disagreement with the administrator, her son-in-law, concerning the distribution of the estate. The auditing judge believes, and finds as a fact, that claimant did not lend her daughter $870. If any money was advanced by her, it was as a gift and not as a loan. Her claim is accordingly dismissed. . . .

And now, December 30, 1965, the account is confirmed nisi.